UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | : | |
| MANUEL GAFANHA, | : | Hon. Katharine S. Hayden |
| | : | |
| Plaintiff, | : | Civil No. 09-0444 (KSH) |
| | : | |
| v. | : | |
| | : | |
| JOHN HOCHBERG, MD, | : | **OPINION** |
| | : | |
| Defendant. | : | |
| | : | |

**APPEARANCES**:

> MANUEL GAFANHA, #194997C, Plaintiff <u>Pro Se</u>
> Northern State Prison
> 168 Frontage Road
> Newark, New Jersey  07114-0300

**HAYDEN**, District Judge

Plaintiff Manuel Gafanha, a prisoner who is currently confined at Northern State Prison,

filed a civil complaint in the Superior Court of New Jersey asserting violation of his

constitutional rights under 42 U.S.C. § 1983 and violation of state law.  The named defendant is

John Hochberg, presumably a physician at the prison.  On January 30, 2009, defendant filed a

notice of removal, together with the $350.00 filing fee, the complaint, and other documents filed

in the state court.  This Court has screened the complaint for dismissal, as required by 28 U.S.C.

§ 1915A, and will dismiss the complaint unless plaintiff files an amended complaint within 30

days which asserts a claim under 42 U.S.C. § 1983 that one or more defendants was deliberately

indifferent to his serious medical needs.

## I.  BACKGROUND

Plaintiff brings this Complaint against Dr. John Hochberg, who is presumably a physician at Northern State Prison, for violation of his constitutional rights under 42 U.S.C. § 1983 and violation of New Jersey law.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  Plaintiff has been confined in state custody since approximately May 28, 2004.  He alleges that he became deaf in March-April 2007 because he was denied medical treatment for loss of hearing, despite his submission of numerous inmate request forms seeking medical attention.  Plaintiff further asserts that since he became deaf and to the present time, he has not been able to consistently obtain batteries for his hearing aid, and he has been denied proper medical care.  Plaintiff seeks damages for violation of his constitutional rights under 42 U.S.C. § 1983 and negligence under New Jersey law.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for dismissal for failure to state a claim, the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker, 292 F. 3d at 374 n.7. See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).

> *                          *                          *

> The issues raised by Twombly are not easily resolved, and likely will be a source of controversy for years to come.  Therefore, we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context.  Reading Twombly

3

to impose a "plausibility" requirement outside the § 1 context,
however, leaves us with the question of what it might mean.
"Plausibility" is related to the requirement of a Rule 8 "showing."
In its general discussion, the Supreme Court explained that the
concept of a "showing" requires only notice of a claim and its
grounds, and distinguished such a showing from "a pleader's bare
averment that he wants relief and is entitled to it."  Twombly, 127
S. Ct. at 1965 n.3.  While Rule 12(b)(6) does not permit dismissal
of a well-pleaded complaint simply because "it strikes a savvy
judge that actual proof of those facts is improbable," the "[f]actual
allegations must be enough to raise a right to relief above the
speculative level."  Id. at 1965.

   The Supreme Court's Twombly formulation of the pleading
standard can be summed up thus: stating . . . a claim requires a
complaint with enough factual matter (taken as true) to suggest the
required element.  This does not impose a probability requirement
at the pleading state, but instead simply calls for enough facts to
raise a reasonable expectation that discovery will reveal evidence
of the necessary element . . . .

The complaint at issue in this case clearly satisfies this pleading
standard, making a sufficient showing of enough factual matter
(taken as true) to suggest the required elements of Phillips' claims.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal

quotation marks omitted).

        The Court is mindful that the sufficiency of this pro se pleading must be construed

liberally in favor of the plaintiff, even after Twombly.  See Erickson v. Pardus, 127 S. Ct. 2197,

2200 (2007).  A pro se prisoner plaintiff needs to allege only enough factual matter (taken as

true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need

not, however, credit a pro se plaintiff's "legal conclusions."  Morse v. Lower Merion School

Dist., 132 F. 3d 902, 906 (3d Cir. 1997).  Moreover, a court should not dismiss a complaint with

prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith,

undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins,

487 U.S. 42, 48 (1988); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Sample v. Diecks</u>, 885 F.2d 1099, 1107 (3d Cir. 1989).

A.  Eighth Amendment

Plaintiff asserts that he became deaf because he was denied proper medical attention for his hearing loss, and that he continues to receive inadequate medical care.  The Eighth Amendment's prohibition against cruel and unusual punishment obligates jail authorities to provide medical care to inmates.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976); <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).  To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  To state a cognizable medical claim, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."  <u>Rouse</u>, 182 F.3d at 197.  A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention."  <u>Monmouth County Correctional Institution Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted).  Where delay is involved, the seriousness of an inmate's medical need is determined by the effects of the delay.  <u>Id.</u>; <u>Crowley v. Hedgepeth</u>, 109 F.3d 500, 502 (8th Cir.1997); <u>Hill v. Dekalb Regional Youth Detention Center</u>, 40 F.3d 1176, 1188-89 (11th Cir. 1994); <u>Olson v. Stotts</u>, 9 F.3d 1475, 1477 (10th Cir.1993).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).  To establish deliberate indifference by an individual, a plaintiff must show that the individual was in fact aware of the risk of harm to the

plaintiff's health, and disregarded it.  Farmer, 511 U.S. at 837; Natale, 318 F.3d at 582.  "The

knowledge element of deliberate indifference is subjective, not objective knowledge, meaning

that the official must actually be aware of the existence of the excessive risk; it is not sufficient

that the official should have been aware."  Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir.

2001).[1]  Thus, "in the medical context, an inadvertent failure to provide adequate medical care

cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to

the conscience of mankind.'"  Rouse, 182 F.3d at 197 (quoting Estelle, 429 U.S. at 105).[2]

Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need

for medical treatment but intentionally refuses to provide it; (2) delays necessary medical

treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or

recommended medical treatment."  Rouse, 182 F.3d at 197.

---

[1] A supervisor may be found liable under 42 U.S.C. § 1983 for failure to properly
supervise.  To hold a supervisor liable under the Eighth Amendment and § 1983 for failure to
properly supervise, "the plaintiff must identify a specific policy or practice that the supervisor
failed to employ and show that:  (1) the existing policy or practice created an unreasonable risk of
the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was
created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy
or practice."  Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001); see also Brown v.
Muhlenberg Tp., 269 F.3d 205, 216-217 (3d Cir.  2001); Sample v. Diecks, 885 F.2d 1099, 1118
(3d Cir.1989).  The supervisory liability test can be met by "(i) showing that the supervisor failed
to adequately respond to a pattern of past occurrences of injuries like the plaintiff's, or (ii)
showing that the risk of constitutionally cognizable harm was 'so great and so obvious that the
risk and the failure of supervisory officials to respond will alone' support finding that the four-
part test is met."  Beers-Capitol, 256 F.3d at 136-137 (quoting Sample, 885 F.2d at 1118).

[2] "[A] complaint that a physician has been negligent in diagnosing or treating a medical
condition does not state a valid claim of medical mistreatment under the Eighth Amendment.
Medical malpractice does not become a constitutional violation merely because the victim is a
prisoner."  Estelle, 429 U.S. at 106.

In the instant Complaint, the only defendant is John Hochberg.  But Plaintiff's allegations do not show that Hochberg was personally involved in the alleged denial of Plaintiff's medical care.  Nor do Plaintiff's allegations show that Hochberg was deliberately indifferent to Plaintiff's medical needs.  Because the Complaint does not assert facts showing that Hochberg was deliberately indifferent to Plaintiff's medical needs, the Complaint, as written, does not state a claim under § 1983 against Hochberg.  Absent a cognizable § 1983 claim, this Court lacks jurisdiction over the Complaint.

This Court will grant Plaintiff 30 days to file an amended complaint [3] showing that a named defendant was deliberately indifferent to his serious medical needs.[4]  If such an amended

---

[3] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]. 6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

[4] The entity which has contracted with the State of New Jersey to provide medical care to inmates cannot be found liable under 42 U.S.C. § 1983 simply because it employs a wrongdoer. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691-92 (1978); Natale, 318 F.3d at 583.  In order for an entity to be liable, plaintiff must show that the entity had a relevant policy or custom, and that the policy caused the constitutional violation.  Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  A policy is made when a decisionmaker possessing final authority to establish policy with respect to the action issues a policy or edict. Id. at 584.  A custom is an act that has not been formally approved by the policymaker but that is so widespread to have the force of a rule or policy. Id.  The unconstitutional acts of an employee may be deemed to be the result of a custom or policy of the entity for whom the employee works, thereby rendering the entity liable under § 1983, under the following circumstances:

> The first is where the appropriate officer or entity promulgates a
> generally applicable statement of policy and the subsequent act

(continued...)

complaint is not filed within 30 days, then this Court will enter an order dismissing the complaint

for failure to state a claim upon which relief may be granted and declining to exercise

supplemental jurisdiction over claims arising under New Jersey law.[5]

### IV.  CONCLUSION

The Court grants plaintiff 30 days to file an amended complaint stating a deliberate

indifference to serious medical needs claim and will dismiss the Complaint in 30 days unless

such an amended complaint is filed.


            /s/ Katharine S. Hayden       
           **KATHARINE S. HAYDEN, U.S.D.J.**

Dated:  February 9, 2009

---

[4](...continued)
complained of is simply an implementation of that policy.  The
second occurs where no rule has been announced as policy but
federal law has been violated by an act of the policymaker itself.
Finally, a policy or custom may also exist where the policymaker
has failed to act affirmatively at all, [though] the need to take some
action to control the agents of the [entity] is so obvious, and the
inadequacy of existing practice so likely to result in the violation of
constitutional rights, that the policymaker can reasonably be said to
have been deliberately indifferent to the need.

Natale, 318 F.3d at 584 (citations, internal quotation marks and footnotes omitted).

[5] Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal
claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the
district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all
claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v.
Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).