NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL GAFANHA,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN HOCHBERG, MD.,<br><br>          Defendant. | Civ. Action No. 09-444 (KSH)<br><br><br><br>**OPINION & ORDER** |

**Katharine S. Hayden, U.S.D.J.**

Pending before the Court is a motion filed by defendant John Hochberg, MD, that seeks dismissal of the amended complaint that was timely filed by plaintiff Manuel Gafanha. The basis for the motion is that the amended complaint is legally deficient insofar as it does not allege a claim for deliberate indifference on Hochberg's part. He argues that the governing standards for sufficiency in pleadings require dismissal, citing to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

But subsequent decisions in this Circuit establish that plaintiff has met the requirements of notice pleading post-*Twombly*. In *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), in deciding the sufficiency of a complaint alleging a constitutional tort, the court examined *Twombly* and gave guidance:

> Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the

1

>defendant fair notice of what the . . . claim is and the grounds upon which it rests." Indeed, taking *Twombly* and the Court's contemporaneous opinion in *Erickson v. Pardus*, 551 U.S. 89 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8. Put another way, in light of *Twombly*, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

*Phillips*, 515 F.3d at 232 (citations omitted).

This analysis has been further refined. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Court emphasized the distinction between factual contentions and legal conclusions, and cautioned against accepting as sufficient "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Interpreting *Iqbal*, in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009), the Third Circuit wrote that the task of the district court is to determine the following:

>[W]hether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Fowler*, 578 F.3d at 211 (citations omitted).

In the amended complaint, plaintiff names Hochberg in paragraph 1 as having failed to treat him "after numerous requests for treatment for pain in my ear . . . ." He states in paragraph

10 that defendants[1] "deliberately failed to treat, failed to require my appearance, failed to respond to my requests, after becoming cognizant that I required treatment"; in paragraph 11 he alleges that defendants "knew that my needs were serious, and required treatment." Significantly, in paragraph 12, plaintiff alleges that defendants told him "that this was serious, required treatment, and that if they did not treat I could lose my hearing"; and in paragraph 16 that there was a delay or failure of treatment that was deliberate "in an effort to save resources."

The Court finds that there are factual contentions that set forth a "plausible claim for relief," specifically the allegations that plaintiff made numerous requests for treatment for pain in his ear; that defendants told him his condition was serious, that he needed treatment for it, and that he would lose his hearing if he was not treated. Finally, plaintiff alleges that the failure to treat him was deliberate and made for the purpose of saving resources. These are factual contentions that are separate and apart from the legal conclusion that there was a deliberate failure to treat him—plaintiff gives reasons for the failure (saving resources) and he provides the detail that the defendants knew *and told him* that his condition required treatment to save his hearing, which the complaint alleges he lost (a fact not disputed in Hochberg's brief). The amended complaint permits the court to infer more than the mere possibility of misconduct, and shows that the pleader is entitled to relief, satisfying the "plausibility" determination that the *Fowler* decision calls for.

---

[1] The amended complaint refers throughout to "defendants," while naming only Hochberg. This case was removed from state court, where the original complaint was captioned *Manuel Gafhana v. John Hochberg, MD et al*. To the extent that plaintiff intends to assert claims against other defendants, he must amend the complaint no later than 45 days after this Opinion & Order is entered. In any event, the particulars given relate to Hochberg's status as a medical doctor in the correctional facility and provide notice of what the complaint against him is and the grounds upon which the complaint rests.

As a consequence of the foregoing, Hochberg's motion is denied.

Good cause appearing, it is on this 12th day of November, 2009,

**ORDERED** that defendant's motion to dismiss [D.E. 8] is denied; and it is further

**ORDERED** that plaintiff shall file a second amended complaint no later than forty-five (45) days after entry of this Opinion and Order insofar as he intends to name additional defendants.

/s/ Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.